UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALICE FAY HOLLEY,

              Plaintiff,

       -against-                             **MEMORANDUM AND ORDER**
                                                 20-CV-970 (RPK) (LB)

FEIN, SUCH & CRANE LLP, REFEREE
GREGORY CERCHIONE, FRANCIS
REAL ESTATE BUYER-856 PROSPECT
PL HOLDINGS LLC, U.S. BANK TRUST,
N.A., BROOKSTONE HOLDING, LLC,
and DOES 1-10,

              Defendants.
-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      More than eight months ago, U.S. Bank Trust, N.A. moved to dismiss the complaint in this action. More than seven months ago, Alice Fay Holley missed her deadline to respond. This action has been stalled ever since. For the reasons that follow, this action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff Alice Fay Holley, proceeding *pro se*, brought this wrongful foreclosure action on February 21, 2020, alleging unfair trade practices, predatory lending practices, and other violations of consumer rights. *See* Compl. ¶¶ 2-3 (Dkt. #1). She named as defendants Fein, Such & Crane LLP; Referee Gregory Cerchione; Francis Real Estate Buyer-856 Prospect Place Holdings LLC; Brookstone Holding LLC; and U.S. Bank Trust, N.A. *See id.* at 1-2.

      On April 13, 2020, U.S. Bank Trust, N.A. moved to dismiss the complaint. *See* Notice of Mot. (Apr. 13, 2020) (Dkt. #7). It argued that the complaint must be dismissed for failure to make proper service of process and for failure to state a claim. *See* Def.'s Mem. of Law 1 (Dkt. #7-1).

1

On April 14, 2020, I ordered Plaintiff to submit her opposition by May 29, 2020. *See* Dkt. Entry (Apr. 14, 2020). When Plaintiff missed this deadline, I ordered her to file an opposition by July 17, 2020. *See* Dkt. Entry (June 22, 2020). I also warned her that I may "dismiss the case for failure to prosecute" if no opposition was filed by that date. *Ibid.* After Plaintiff missed this deadline as well, I ordered her to file an opposition by September 7, 2020. *See* Dkt. Entry (Aug. 17, 2020). I also warned her that "it is highly likely that defendant's motion will be granted as unopposed or this action will be dismissed for failure to prosecute" if no opposition was filed by that date. *Ibid.* Plaintiff has not submitted any opposition to date.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";
(2) whether plaintiff was "given notice that further delay would result in dismissal";
(3) whether defendant was "likely to be prejudiced by further delay";
(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and
(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is vital to the efficient administration

2

of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id.* at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal without prejudice here. First, plaintiff has caused a significant delay. Plaintiff has not made any filings after commencing this action more than ten months ago, and the only filing on her behalf is a returned summons. *See* Proof of Service (Dkt. #4). Since then, defendant has moved to dismiss the complaint, and plaintiff has missed this deadline, thereby halting this action completely for more than seven months. A more than seven-month delay that prevents a case from moving forward is significant enough to justify dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (finding delay to be significant where "proceedings ground to a halt for over seven months as a result of [plaintiff]'s inaction"); *Terry v. City of New York*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (more than six-month delay); *Morgan v. Does Nos. 1-3*, No. 18-CV-2571, 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (more than six-month delay); *Kent v. Scamardella*, No. 07-CV-844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (three-month delay).

Second, plaintiff was given notice that further delay would result in dismissal. Plaintiff has missed three court-ordered deadlines. Most recently, on August 17, 2020, I ordered plaintiff to respond to defendant's motion to dismiss by September 7, 2020, and expressly warned that if plaintiff did not, "it is highly likely that defendant's motion will be granted as unopposed or that this action will be dismissed for failure to prosecute." *See* Dkt. Entry (Aug. 17, 2020). That order was mailed to plaintiff at the address that she gave the Court, and there is no indication that plaintiff did not receive this communication. If for some reason plaintiff did not receive my orders,

3

responsibility for that miscommunication lies with her. *See, e.g., Terry*, 2020 WL 5913409, at *2 (explaining that "it remained [plaintiff's] duty to diligently pursue [this] case and to inform this Court's *Pro Se* Office of any change of address").

Third, any further delay would prejudice defendant. That prejudice is presumed where, as here, plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp.*, 682 F.2d at 43); *see Terry*, 2020 WL 5913409, at *2.

Fourth, dismissal without prejudice properly balances the need to alleviate court calendar congestion against plaintiff's right to an opportunity for a day in court. That disposition serves the "need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with" a court order. *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see Reynel v. Barnhart*, No. 01-CV-6482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (dismissing for failure to prosecute without prejudice "[g]iven the plaintiff's pro se status").

Finally, it appears that any sanction less than dismissal without prejudice would be ineffective because plaintiff has utterly failed to respond to court orders over a lengthy period. *See Ruzsa*, 520 F.3d at 178 (affirming dismissal where plaintiff had "fail[ed] to respond to the notice threatening dismissal" because "it is equally unclear that a 'lesser sanction' would have proved effective").

## CONCLUSION

Plaintiff's claims against defendant U.S. Bank Trust, N.A., are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate defendant's motion to dismiss, Dkt. #7, and motions requesting that that the Court grant defendant's motion as unopposed, Dkts. #10, #11, and #12, and to close this case.

SO ORDERED.

        /s/ Rachel Kovner
        RACHEL P. KOVNER
        United States District Judge

Dated:     January 6, 2021
             Brooklyn, New York